# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

EMERGENCY SERVICES BILLING      )
CORPORATION, INC., Individually  )
and as Agent for MONROEVILLE    )
FIRE DEPARTMENT,                )
                                )
      Plaintiff,                   )
                                )
v.                              )    Case No. 1:11-CV-00036
                                )
DISCOVER PROPERTY &             )
CASUALTY INSURANCE COMPANY,     )
et al.,                         )
                                )
      Defendants.                  )

## REPORT AND RECOMMENDATION

      Plaintiff Emergency Services Billing Corporation, Inc., commenced this action seeking a

declaratory judgment and damages under the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, on January 25,

2011. (Docket # 1.)  On August 10, 2011, the Clerk of Court issued a Notice to Plaintiff

indicating that Plaintiff had failed to effectuate timely service of process under Federal Rule of

Civil Procedure 4(m) and that such failure was, in the discretion of the Court, sufficient to warrant

dismissal of the action without prejudice. (Docket # 4.)  The Clerk further advised that if no

action was taken by August 25, 2011, the matter would be brought to the Court's attention.

      Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an appropriate period.

Under Rule 4(m), "[a] showing of good cause *requires* a Court to grant an extension. A lack of good cause commits the decision to the Court's discretion." *Gerrard v. Andrews Int'l, Inc*., No. 09-CV-1272, 2010 WL 3724776, at *3 (C.D. Ill. July 28, 2010) (emphasis in original); *see Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 340-41 (7th Cir. 1995) ("If . . . good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." (citations omitted)).

The August 25, 2011, final deadline has now come and gone, and Plaintiff has still not effectuated service of the summons and complaint on Defendants in accordance with Rule 4. Nor has Plaintiff attempted to establish good cause for the failure to serve Defendants for nearly eight months. Therefore, in accordance with the prior warning issued to Plaintiff, the undersigned Magistrate Judge RECOMMENDS to the District Judge that this case be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m).

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Plaintiff. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 13th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge